Ryan J. McCarthy, Bar #020571
David C. Onuschak, Bar #033405
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1789
Fax: (602) 200-7878
rmccarthy@jshfirm.com

Defendant USA Auto, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Stephan Negron,<br><br>                Plaintiff,<br><br>v.<br><br>Victor Manuel Carrillo; USA Auto, Inc.; Red Mountain Funding, Inc.; and Briselda Hernandez,<br><br>                Defendants. | No. 4:21-cv-00285-JAS<br><br>**USA AUTO, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant USA Auto, Inc. ("USA Auto"), by and through undersigned counsel, for its Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

1. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2. Defendant admits Plaintiff has brought this action for alleged violations of the federal Motor Vehicle Information and Cost Savings Act, the Arizona Consumer Fraud Act, and breach of warranty. Defendant denies all remaining allegations of Paragraph 2 of Plaintiff's Complaint.

## **JURISDICTION**

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

9709661.1

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## PARTIES

6. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. Defendant avers that Paragraph 14 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

15. Defendant avers that Paragraph 15 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

16. Defendant avers that Paragraph 16 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

9709661.1

17. Defendant avers that Paragraph 17 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

18. Defendant avers that Paragraph 18 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

19. Defendant avers that Paragraph 19 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

## FACTUAL ALLEGATIONS

20. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendant admits that Exhibit B states the mileage of the subject vehicle as of December 5, 2012 was 136,766. Defendant denies all remaining allegations of Paragraph 20 inconsistent herewith.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendant admits that Exhibit A states that ownership of the subject vehicle was transferred to Defendant Hernandez on March 31, 2015. Defendant denies all remaining allegations of Paragraph 21 inconsistent herewith.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits that Exhibit A states the odometer reading to be 72,000 miles.  Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

25. Defendant avers that Paragraph 25 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendant admits that Exhibit C indicates that a new title to the subject vehicle was issued on March 31, 2015 and states that the odometer reading was "0072000 A." Defendant lacks information

sufficient to admit or deny the remaining allegations in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27. Defendant admits that Exhibit C states the mileage of the subject vehicle at "007200 A." Defendant denies all remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28. Answering Paragraph 28 of Plaintiff's Complaint, Defendant affirmatively alleges that the second page of Exhibit C to Plaintiff's Complaint is illegible. Therefore, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29. Defendant avers that Paragraph 29 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

30. Defendant admits the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendant admits the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendant admits the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint. Defendant affirmatively alleges that it provided Ms. Burrola with a CarFax report stating that a potential odometer rollback was noted on March 31, 2015.

35. Defendant admits the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

9709661.1

38. Defendant admits the allegations in Paragraph 38 of Plaintiff's Complaint. Defendant affirmatively alleges that its standard practice is to provide a CarFax report to the buyer for each transaction.

39. Defendant admits that the CarFax report showed a potential odometer rollback on March 31, 2015. Defendant denies all remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Defendant admits the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Defendant admits the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Defendant admits the allegations in Paragraph 39 of Plaintiff's Complaint.

46. Defendant admits the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 47 of Plaintiff's Complaint, and therefore denies the same.

48. Defendant avers that Paragraph 48 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

49. Defendant avers that Paragraph 49 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

50. Defendant avers that Paragraph 50 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

9709661.1

51. Defendant avers that Paragraph 51 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

52. Defendant avers that Paragraph 52 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

53. Defendant admits the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Defendant admits the allegations in Paragraph 54 of Plaintiff's Complaint.

55. Defendant admits the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendant admits the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Defendant admits that it provided Ms. Johnson with a Secure Odometer Disclosure stating the odometer reading was 105,159 miles. Defendant denies all remaining allegations in Paragraph 57 of Plaintiff's Complaint. Defendant affirmatively alleges that it also provided a copy of the CarFax report to Ms. Johnson, identifying the mileage discrepancy, which she signed.

58. Defendant admits the allegations in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61. Defendant admits that it acquired a CarFax report on November 3, 2018, and provided a copy of the CarFax report to Ms. Johnson, identifying the mileage discrepancy, which she signed. Defendant denies all allegations in Paragraph 61 of Plaintiff's Complaint inconsistent herewith.

9709661.1

62. Defendant denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 64 of Plaintiff's Complaint, and therefore denies the same.

65. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 65 of Plaintiff's Complaint, and therefore denies the same.

66. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 66 of Plaintiff's Complaint, and therefore denies the same.

67. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

68. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 68 of Plaintiff's Complaint, and therefore denies the same.

69. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 69 of Plaintiff's Complaint, and therefore denies the same.

70. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 70 of Plaintiff's Complaint, and therefore denies the same.

71. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 71 of Plaintiff's Complaint, and therefore denies the same.

72. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 72 of Plaintiff's Complaint, and therefore denies the same.

73. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 73 of Plaintiff's Complaint, and therefore denies the same.

74. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 74 of Plaintiff's Complaint, and therefore denies the same.

75. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 75 of Plaintiff's Complaint, and therefore denies the same.

9709661.1

76. Defendant avers that Paragraph 76 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

77. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 77 of Plaintiff's Complaint, and therefore denies the same.

78. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 78 of Plaintiff's Complaint, and therefore denies the same.

79. Defendant avers that Paragraph 79 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

80. Defendant avers that Paragraph 80 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

81. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 81 of Plaintiff's Complaint, and therefore denies the same.

82. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 82 of Plaintiff's Complaint, and therefore denies the same.

83. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 83 of Plaintiff's Complaint, and therefore denies the same.

84. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 84 of Plaintiff's Complaint, and therefore denies the same.

85. Defendant avers that Paragraph 85 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

86. Defendant avers that Paragraph 86 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

87. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 87 of Plaintiff's Complaint, and therefore denies the same.

88. Answering Paragraph 88 of Plaintiff's Complaint, Defendant denies that Plaintiff suffered damages as a result of Defendant's alleged actions. Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 88 of Plaintiff's Complaint, and therefore denies the same.

9709661.1

# CAUSE OF ACTION NO. 1
# VIOLATION OF THE FEDERAL ODOMETER ACT
# (ALL DEFENDANTS)

89. Defendant hereby incorporates all foregoing paragraphs as if set forth herein.

90. Answering Paragraph 90 of Plaintiff's Complaint, Defendant denies that any of its alleged acts constituted a violation of the federal Odometer Act. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 90 of Plaintiff's Complaint as to the other Defendants, and therefore denies the same.

91. Answering Paragraph 91 of Plaintiff's Complaint, Defendant denies the allegations against it. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 91 of Plaintiff's Complaint as to the other Defendants, and therefore denies the same.

92. Answering Paragraph 92 of Plaintiff's Complaint, Defendant denies the allegations against it. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 92 of Plaintiff's Complaint as to the other Defendants, and therefore denies the same.

93. Answering Paragraph 93 of Plaintiff's Complaint, Defendant denies the allegations against it. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 93 of Plaintiff's Complaint as to the other Defendants, and therefore denies the same.

94. Defendant denies the allegations in Paragraph 94 of Plaintiff's Complaint.

# CAUSE OF ACTION NO. 2
# VIOLATION OF ARIZONA CONSUMER FRAUD ACT
# (CARILLO)

95. Defendant hereby incorporates all foregoing paragraphs as if set forth herein.

9709661.1

96. Defendant avers that Paragraph 96 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

97. Defendant avers that Paragraph 97 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

98. Defendant avers that Paragraph 98 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

99. Defendant avers that Paragraph 99 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

100. Defendant avers that Paragraph 100 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

101. Defendant avers that Paragraph 101 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

102. Defendant avers that Paragraph 102 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

103. Defendant avers that Paragraph 103 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

104. Defendant avers that Paragraph 104 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

105. Defendant avers that Paragraph 105 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

106. Defendant avers that Paragraph 106 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

107. Defendant avers that Paragraph 107 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

108. Defendant avers that Paragraph 108 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

9709661.1

# CAUSE OF ACTION NO. 3
# BREACH OF EXPRESS WARRANTY
# (CARILLO)

109. Defendant hereby incorporates all foregoing paragraphs as if set forth herein.

110. Defendant avers that Paragraph 110 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

111. Defendant avers that Paragraph 111 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

112. Defendant avers that Paragraph 112 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

113. Defendant avers that Paragraph 113 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

114. Defendant avers that Paragraph 114 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

115. Defendant avers that Paragraph 115 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

116. Defendant avers that Paragraph 116 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

117. Defendant denies each and every allegation of Plaintiff's Complaint not expressly admitted or otherwise addressed herein.

# AFFIRMATIVE DEFENSES

1. As and for a separate defense and in the alternative, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. As and for a separate defense and in the alternative, Defendant alleges that Plaintiff has failed to mitigate his damages, thus barring or reducing the recovery against Defendants.

9709661.1

3. As and for a separate defense and in the alternative, Defendant alleges that Plaintiff was contributorily negligent and/or any damages received by Plaintiff was the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than Defendant, all of which bars recovery to the Plaintiff herein from Defendant.

4. As and for a separate defense and in the alternative, Defendant alleges that Plaintiff was negligent, in whole or in part, thereby reducing or eliminating any damages owed by Defendant by way of comparative negligence.

5. As and for a separate defense and in the alternative, Defendant alleges that it is not responsible for Plaintiff's damages due to Plaintiff's assumption of risk.

6. As and for a separate defense and in the alternative, Defendant alleges that if, indeed, it is determined to be liable for the allegations in the Complaint, it is entitled to contribution from other Defendants, name and unnamed, by way of the doctrine of contribution.

7. As and for a separate defense and in the alternative, Defendant alleges Plaintiff's damages, if any, are the result of conduct by other non-parties at fault, including Nicole Johnson, pursuant to A.R.S. § 12-2506.

8. Although Defendant does not presently have facts in support of the remaining defenses, they wish to put counsel for Plaintiff on notice that the raise the following defenses which, through subsequent discovery may, indeed be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, insufficiency of process and insufficiency of service of process, and waiver.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendant prays that the Complaint be dismissed with prejudice, that Plaintiff takes nothing thereby, and for such other and further relief that this Court deems proper.

DATED this 15th day of September, 2021.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ David C. Onuschak
Ryan J. McCarthy
David C. Onuschak
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Defendant USA Auto, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Floyd W. Bybee
Bybee Law Center, PLC
90 S. Kyrene Road, Suite 5
Chandler, Arizona 85226-4687
Attorney for Plaintiff


/s/ Roberta Bolm

13

9709661.1