Trevor J. Fish, (Arizona Bar #023206)
**EVANS, DOVE, NELSON, FISH & GRIER P.L.C.**
2650 E. Southern Avenue
Mesa, Arizona 85204
Phone: (480) 926-8600
Fax: (480) 926-8985
*Email:  tfish@ednlaw.com*

*Attorney for Defendant Red Mountain Funding, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephan Negron, | Case No.  4:21-cv-00285-JAS |
| Plaintiff, | |
| vs. | **ANSWER OF RED MOUNTAIN FUNDING, INC.** |
| Victor Manuel Carrillo;<br>USA Auto, Inc.;<br>Red Mountain Funding, Inc.;  and<br>Briselda Hernandez, | |
| Defendants. | |

Defendant Red Mountain Funding, Inc. ("Red Mountain Funding" and/or "Defendant"), by and through the undersigned counsel, for its Answer to Plaintiff's Complaint does hereby admit, deny and allege as follows:

## ANSWER TO PLAINTIFF'S COMPLAINT

1.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2.     Defendant admits Plaintiff has brought this action for alleged violations of the federal Motor Vehicle Information and Cost Savings Act, the Arizona Consumer Fraud Act, and breach of warranty. Defendant denies all remaining allegations of Paragraph 2 of Plaintiff's Complaint.

## JURISDICTION

3.     Defendant neither admits nor denies that this Court has jurisdiction, but reserves any and all rights to object to jurisdiction as may be permitted under the Rules.

4.     Defendant neither admits nor denies that this Court has supplemental jurisdiction, but reserves any and all rights to object to jurisdiction as may be permitted under the Rules.

5.     Defendant neither admits nor denies that venue is proper before this Court, but reserves any and all rights to object to venue as may be permitted under the Rules. Defendant admits only that the alleged acts and transactions, as set forth in Plaintiff's Complaint, would have occurred within this district.

## PARTIES

6.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9.      Defendant lacks information sufficient to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10.     Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14.     Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18.     Defendant avers that Paragraph 18 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

19.     Defendant avers that Paragraph 19 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

## FACTUAL ALLEGATIONS

20.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21.     Answering Paragraph 21 of Plaintiff's Complaint, Defendant admits that Exhibit B states the mileage of the subject vehicle as of December 5, 2012 was 136,766. Defendant denies all remaining allegations of Paragraph 20 inconsistent herewith.

22.     Answering Paragraph 22 of Plaintiff's Complaint, Defendant admits that Exhibit A states that ownership of the subject vehicle was transferred to Defendant Hernandez on March 31, 2015. Defendant denies all remaining allegations of Paragraph 21 inconsistent herewith.

23.     Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits that Exhibit A states the odometer reading to be 72,000 miles. Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

25.     Defendant avers that Paragraph 25 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

26.     Answering Paragraph 26 of Plaintiff's Complaint, Defendant admits that Exhibit C indicates that a new title to the subject vehicle was issued on March 31, 2015 and states that the odometer reading was "0072000 A." Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27.     Defendant admits that Exhibit C states the mileage of the subject vehicle at "007200 A." Defendant denies all remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Answering Paragraph 28 of Plaintiff's Complaint, Defendant affirmatively alleges that the second page of Exhibit C to Plaintiff's Complaint is illegible. Therefore, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29.     Defendant avers that Paragraph 29 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

30.     Defendant admits the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32.     Defendant admits the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant admits the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 34 of Plaintiff's Complaint, and therefore denies the same.     Defendant

affirmatively alleges that USA Auto, Inc. provided Ms. Burrola with a CarFax report stating that a potential odometer rollback was noted on March 31, 2015.

35.     Defendant avers that Paragraph 35 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

36.     Defendant avers that Paragraph 36 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

37.     Defendant avers that Paragraph 37 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

38.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 38 of Plaintiff's Complaint, and therefore denies the same.   Defendant affirmatively alleges, upon information and belief, that it is a standard practice of USA Auto, Inc. to provide a CarFax report to the buyer for each transaction.

39.     Defendant admits that the CarFax report showed a potential odometer rollback on March 31, 2015. Defendant avers that the remaining allegations in Paragraph 39 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

40.     Defendant avers that Paragraph 40 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

41.     Defendant avers that Paragraph 41 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

42.     Defendant avers that Paragraph 42 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

43.     Defendant admits the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant admits the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant admits the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant admits the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 47 of Plaintiff's Complaint, and therefore denies the same.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant admits the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant admits the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant admits the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Defendant admits the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 57 of Plaintiff's Complaint, and therefore denies the same.   Defendant affirmatively alleges that USA Auto, Inc. provided a copy of the CarFax report to Ms. Johnson, identifying the mileage discrepancy, which she signed.

58.     Defendant avers that Paragraph 58 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

59.     Defendant avers that Paragraph 59 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

60.     Defendant avers that Paragraph 60 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

61.     Defendant avers that Paragraph 61 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

62.     Defendant avers that Paragraph 62 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

63.     Defendant avers that Paragraph 63 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

64.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 64 of Plaintiff's Complaint, and therefore denies the same.

65.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 65 of Plaintiff's Complaint, and therefore denies the same.

66.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 66 of Plaintiff's Complaint, and therefore denies the same.

67.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

68.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 68 of Plaintiff's Complaint, and therefore denies the same.

69.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 69 of Plaintiff's Complaint, and therefore denies the same.

70.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 70 of Plaintiff's Complaint, and therefore denies the same.

71.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 71 of Plaintiff's Complaint, and therefore denies the same.

72.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 72 of Plaintiff's Complaint, and therefore denies the same.

73.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 73 of Plaintiff's Complaint, and therefore denies the same.

74.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 74 of Plaintiff's Complaint, and therefore denies the same.

75.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 75 of Plaintiff's Complaint, and therefore denies the same.

76.     Defendant avers that Paragraph 76 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

77.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 77 of Plaintiff's Complaint, and therefore denies the same.

78.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 78 of Plaintiff's Complaint, and therefore denies the same.

79.     Defendant avers that Paragraph 79 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

80.     Defendant avers that Paragraph 80 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

81.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 81 of Plaintiff's Complaint, and therefore denies the same.

82.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 82 of Plaintiff's Complaint, and therefore denies the same.

83.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 83 of Plaintiff's Complaint, and therefore denies the same.

84.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 84 of Plaintiff's Complaint, and therefore denies the same.

85.     Defendant avers that Paragraph 85 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

86.     Defendant avers that Paragraph 86 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

87.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 87 of Plaintiff's Complaint, and therefore denies the same.

88.     Answering Paragraph 88 of Plaintiff's Complaint, Defendant denies that Plaintiff suffered damages as a result of Defendant's alleged actions. Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 88 of Plaintiff's Complaint, and therefore denies the same.

**CAUSE OF ACTION NO. 1**
**VIOLATION OF THE FEDERAL ODOMETER ACT**
**(ALL DEFENDANTS)**

89.     Defendant hereby incorporates all foregoing paragraphs as if set forth herein.

90.     Answering Paragraph 90 of Plaintiff's Complaint, Defendant denies that any of its alleged acts constituted a violation of the federal Odometer Act. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 90 of Plaintiff's Complaint as to the other co-Defendants, and therefore denies the same.

91.     Answering Paragraph 91 of Plaintiff's Complaint, Defendant denies the allegations against it. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 91 of Plaintiff's Complaint as to the other co-Defendants, and therefore denies the same.

92.     Answering Paragraph 92 of Plaintiff's Complaint, Defendant denies the allegations against it. Defendant lacks information sufficient to admit or deny the

allegations in Paragraph 92 of Plaintiff's Complaint as to the other co-Defendants, and therefore denies the same.

93.     Answering Paragraph 93 of Plaintiff's Complaint, Defendant denies the allegations against it. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 93 of Plaintiff's Complaint as to the other co-Defendants, and therefore denies the same.

94.     Defendant denies the allegations in Paragraph 94 of Plaintiff's Complaint.

### CAUSE OF ACTION NO. 2
### VIOLATION OF ARIZONA CONSUMER FRAUD ACT
### (CARILLO)

95.     Defendant hereby incorporates all foregoing paragraphs as if set forth herein.

96.     Defendant avers that Paragraph 96 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

97.     Defendant avers that Paragraph 97 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

98.     Defendant avers that Paragraph 98 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

99.     Defendant avers that Paragraph 99 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

100.    Defendant avers that Paragraph 100 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

101.   Defendant avers that Paragraph 101 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

102.   Defendant avers that Paragraph 102 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

103.   Defendant avers that Paragraph 103 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

104.   Defendant avers that Paragraph 104 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

105.   Defendant avers that Paragraph 105 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

106.   Defendant avers that Paragraph 106 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

107.   Defendant avers that Paragraph 107 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

108.   Defendant avers that Paragraph 108 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

**CAUSE OF ACTION NO. 3**
**BREACH OF EXPRESS WARRANTY**
**(CARILLO)**

109.   Defendant hereby incorporates all foregoing paragraphs as if set forth herein.

110.   Defendant avers that Paragraph 110 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

111.   Defendant avers that Paragraph 111 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

112.   Defendant avers that Paragraph 112 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

113.   Defendant avers that Paragraph 113 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

114.   Defendant avers that Paragraph 114 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

115.   Defendant avers that Paragraph 115 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

116.   Defendant avers that Paragraph 116 of Plaintiff's Complaint is not directed toward Defendant and therefore no answer is required and none is given.

117.   Defendant denies each and every allegation of Plaintiff's Complaint not expressly admitted or otherwise addressed herein.

## **AFFIRMATIVE DEFENSES**

1.   Defendant affirmatively alleges Plaintiff's damages, if any, are the result of conduct by other non-parties at fault, including Nicole Johnson, pursuant to A.R.S. § 12-2506.

2.   There is no basis in fact or law to support Plaintiff's Complaint with respect to the above, and such claims should therefore be dismissed and the Plaintiff take nothing.

3.      Defendants affirmatively allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

4.      Defendants affirmatively allege that Plaintiff has failed and continues to fail to mitigate any damages it allegedly suffered.

5.      Defendants affirmatively allege that none of its acts attributed to them in Plaintiff's Complaint, as a matter of law, may be regarded as the actual proximate cause of any damages that Plaintiffs seek to recover.

6.      Defendants affirmatively allege that Plaintiff's claims have been waived, barred and/or Plaintiff is estopped from asserting claims against the Defendants.

7.      Defendants affirmatively allege that the losses, if any, sustained by Plaintiff was proximately caused and contributed by the negligence, improper conduct or intervening acts of the Plaintiff, co-defendants, and/or a third party who has not been named in this action as a party.

8.      Defendants affirmatively alleges that Plaintiff's claims are barred by the doctrines of latches, unclean hands, statute of limitations, offset, set off, statute of frauds or such other affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure as may be determined to be applicable through discovery.  Defendants reserve the right to add affirmative defenses which may be supported by the evidence discovered in this matter.

9.      Defendants are entitled to its attorney's fees, court costs and taxable costs incurred in defending against this action pursuant to the written purchase contract and/or ARS § 12-341 and ARS § 12-341.01, this matter to have arisen out of a contract.

## TRIAL BY JURY

1.      Defendant is entitled to and hereby demands a trial by jury.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant prays for relief as follows:

A.      That the Plaintiff's Complaint be denied and dismissed with prejudice;

B.      For Defendant's taxable costs and attorneys' fees; and

C.      For such other and further relief that the Court deems proper.


DATED this ____15th____ day of ___September___, 2021.


*EVANS, DOVE, NELSON, FISH & GRIER P.L.C.*


By: __*/s/  Trevor J. Fish*_____
        Trevor J. Fish, Esq.
        Evans, Dove, Nelson, Fish & Grier P.L.C
        2650 E. Southern Avenue
        Mesa, AZ 85204
        *Attorney for Defendant Red Mountain Funding Inc.*

1
2

## CERTIFICATE OF SERVICE

3       I certify that on September 15, 2021, I filed the foregoing document with the Court

4  utilizing the CM/ECF system, resulting in an electronic notification being served on

5  counsel of record, and did also email copies to the following:

6
7       Floyd W. Bybee, Esq.
        Bybee Law Center, PLC
8       90 S. Kyrene Road, Suite 5
        Chandler, Arizona 85226-4687
9       Email: *rthompson@ThompsonConsumerLaw.com*
        *Attorneys for Plaintiff*
10
11      Ryan J. McCarthy, Esq.
        David C. Onuschak, Esq.
12      JONES, SKELTON & HOCHULI, P.L.C.
        40 N. Central Avenue, Suite 2700
13      Phoenix, Arizona 85004
14      Email: *rmccarthy@jshfirm.com*
        *Attorneys for Defendant USA Auto, Inc.*
15

16
   By:____/s/  Trevor J. Fish_____
17

18

19

20

21

22

23

24

25

26